PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN P. McELHATTEN, | ) | |
| | ) | CASE NO. 1:21CV1256 |
| Petitioner, | ) | (1:18CR0661) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 39] |

Pending is *Pro Se* Petitioner Sean P. McElhatten's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 39).¹ The Court has been advised, having reviewed the record, the parties' briefs,² and the applicable law. For the reasons stated below, the § 2255 motion is denied.

**I. Background**

In November 2018, a federal grand jury in the Northern District of Ohio returned an Indictment (ECF No. 1) against Petitioner. He was charged with receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of

---

¹ Unless otherwise indicated, the docket references will be to the criminal case, not the related civil case, 1:21CV1256.

² Petitioner did not file a permissive reply in support of the § 2255 motion after the United States Attorney responded on July 29, 2022. *See* Order (ECF No. 40); Order (ECF No. 42); Rule 5(e) of the Rules Governing Section 2255 Proceedings.

(1:21CV1256)

18 U.S.C. § 2252(a)(2) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2).

Petitioner subsequently pleaded guilty without a written Plea Agreement to the Indictment (ECF No. 1).

> THE COURT: Welcome to you both.
> Mr. Nemecek, I've been informed that your client intends to plead guilty. It's my understanding that he intends to plead guilty to the indictment without the benefit of a written plea agreement.
> Is that correct?
>
> MR. NEMECEK: That's correct, Your Honor.
>
> THE COURT: To both Counts 1 and 2?
>
> MR. NEMECEK: Yes, Your Honor.
>
> THE COURT: That matches your understanding, Mr. Sullivan?
>
> MR. SULLIVAN: It does.

ECF No. 33 at PageID #: 197-98; *see also* Non-document Minutes of proceedings dated April 11, 2019. When the Court asked Petitioner why he had decided to plead guilty, McElhatten responded under oath by saying, "I've decided to plead guilty because I accept what I did. What I did is wholly wrong and I fully take responsibility for my actions and the consequences that I have both to myself, my family and the individuals depicted in the materials that I viewed." ECF No. 33 at PageID #: 229-30.

During the plea colloquy with the Court, Petitioner admitted that he was very satisfied with the counsel he had received from Eric C. Nemecek, his retained trial attorney:

> THE COURT: Overall, have you been satisfied with the assistance provided you by Mr. Nemecek?

2

(1:21CV1256)

THE DEFENDANT: Yes, Your Honor, very satisfied.

ECF No. 33 at PageID #: 229. Sworn statements made "in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

A final Presentence Investigation Report ("PSR") was filed in July 2019. The mandatory minimum term of imprisonment for Count 1 was five years. The statutory maximum term of imprisonment for Counts 1 and 2 was 20 years for each count. Petitioner's advisory guidelines range was 262 to 327 months' imprisonment, which included a five-level pattern-of-activity enhancement under U.S.S.G. § 2G2.2(b)(5). Attorney Nemecek zealously argued that the Court should impose a sentence of imprisonment below the advisory guidelines range. *See* Position of Defendant as to Sentencing Factors and Motion for Downward Departure and/or Variance (ECF No. 16); Defendant's Supplemental Memorandum With Respect to Sentencing and Request for a Downward Variance (ECF No. 20); Transcript of Sentencing (ECF No. 34) at PageID #: 288-302.

In July 2019, the Court granted a downward variance from the guidelines range and sentenced Petitioner to a term of 240 months as to each of Counts 1 and 2 of the Indictment (ECF No. 1), each such term to be served concurrently. Upon release, Petitioner shall serve a 10-year term of supervised release as to each of Counts 1 and 2 of the Indictment (ECF No. 1), each such term to be served concurrently. He was also ordered to pay the standard $100 special assessment and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act ("JVTA") for each count. The Court imposed mandatory and special conditions of supervised release, including conditions that Petitioner participate in sex offender treatment that would incorporate

3

(1:21CV1256)

periodic polygraph examinations, that he have no access to the internet or a computer without the permission of his probation officer, and that any computer that he may be permitted to access be fitted with "some sort of monitoring or filtering software." *See* ECF No. 34 at PageID #: 310-20; Judgment in a Criminal Case (ECF No. 21); Non-document Minutes of proceedings dated July 30, 2019.³

Petitioner appealed his judgment of conviction and sentence. Appointed CJA appellate counsel for Petitioner sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967) because he was unable to find a nonfrivolous issue for appeal. Petitioner filed a brief in response to counsel's motion to withdraw, arguing that his convictions for both receipt and distribution of child pornography and the lesser-included offense of possession of child pornography violated the Double Jeopardy Clause and reiterating his objections to some sentencing enhancements. The Court of Appeals for the Sixth Circuit entered an order in June 2020, concluding that there were no arguable issues of merit for appeal. *United States v. McElhatten*, No. 19-3769, slip op. (6th Cir. June 26, 2020) (order). The Court of Appeals found, however, that there was a "clerical issue" with the written sentence (ECF No. 21) because it included certain special conditions of supervision that the Court had not articulated at the sentencing hearing, including a flat ban on Petitioner's use of computers and the internet. *Id.* at 9; *see* ECF No. 21 at PageID #: 163 (Petitioner "must not possess and/or use computers . . . or other electronic communications or data storage devices or media" and "not access the Internet.").

---

³ According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/) (last visited June 18, 2024), Petitioner has an August 12, 2036 release date.

4

(1:21CV1256)

After counsel provided supplemental briefing addressing the conflict between the Court's oral sentence and ECF No. 21, the United States Court of Appeals for the Sixth Circuit granted counsel's motion to withdraw, vacated the district court's judgment as it related to the special conditions of Petitioner's term of supervised release, remanded to allow the district court to correct its erroneous written judgment to align with the special conditions ordered at the sentencing hearing, and affirmed the judgment in all other respects. United States v. McElhatten, No. 19-3769 (6th Cir. Sept. 22, 2020) (order) (ECF No. 35).

An Amended Judgment in a Criminal Case (ECF No. 36) was entered on October 16, 2020, to properly reflect the Court's oral pronouncement at sentencing that the Petitioner have limited access to computers and the internet with permission from and under the supervision of his probation officer.

In June 2021, Petitioner timely filed the within Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 39), which also requested 30 days to file a brief in support of the three grounds raised in his Motion. In his petition under § 2255, Petitioner sets forth three grounds for relief on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States: (1) ineffective assistance of trial counsel in violation of his Sixth Amendment right; (2) his convictions for both receipt and distribution of child pornography and the lesser-included offense of possession of child pornography violates

5

(1:21CV1256)

the Double Jeopardy Clause; and (3) improper application of the statutory enhancement in

U.S.S.G. § 2G2.2(b)(6).[4]

## II. Discussion

### A. Section 2255 Legal Standards

As stated by the United States Court of Appeals for the Sixth Circuit:

> . . .To obtain relief under § 2255, the movant "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' " *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *see* 28 U.S.C. § 2255(b).

*Nix v. United States*, No. 20-6218, 2022 WL 815539, at *1 (6th Cir. March 15, 2022).

As stated in *Watkins v. United States*:

> It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*[,] 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

Nos. 5:11CR0536, 5:19CV2427, 2019 WL 6170832, at *2 (N.D. Ohio Nov. 20, 2019).

---

[4] Petitioner states his counsel withdrew the objection to U.S.S.G. § 2G2.2(b)(6). *See* ECF No. 41 at PageID #: 374; 376. Based on the context, however, it appears that Petitioner meant U.S.S.G. § 2G2.2(b)(5).

6

(1:21CV1256)

### B. Evidentiary Hearing

Petitioner requests an evidentiary hearing. *See* Petitioner's Memorandum in Support (ECF No. 41) at PageID #: 398. "Whe[n] a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, . . . no hearing of any kind is required[,]" including an evidentiary hearing. *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (citing *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984)). No evidentiary hearing is required when "petitioner's allegations cannot be accepted as true because they are . . . conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo*, 178 F.3d at 782 (internal quotations omitted)). When the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on her recollections of the prior proceedings. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge*, 431 U.S. at 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable [her] summarily to dismiss a § 2255 motion. . . ."). Petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959) (per curiam). The Court finds that the within motion may be resolved without an evidentiary hearing because the files and records in this case conclusively show that

(1:21CV1256)

Petitioner is not entitled to relief under § 2255. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

For the reasons set forth below, the grounds do not merit an evidentiary hearing or relief under 28 U.S.C. § 2255.

### C. Grounds Asserted in the § 2255 Motion

#### 1. Ineffective Assistance of Trial Counsel

The Sixth Amendment gives a criminal defendant the right "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI (spelling is original). The Supreme Court has established a two-part test for determining whether an attorney rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Carson v. United States*, 88 F.4th 633, 638 (6th Cir. 2023). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. In attempting to establish that an attorney's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* "To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross*, 339 F.3d at 492. "When applying *Strickland*, if we can more

8

(1:21CV1256)

easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route." *Id*.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof." Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005). "Proving prejudice is not easy" because the petitioner is confronted with the "high burden" of demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Monea v. United States, 914 F.3d 414, 419 (6th Cir. 2019) (citing Davis v. Lafler, 658 F.3d 525, 536 (6th Cir. 2011)). The petitioner must demonstrate the constitutional violation because it is "presumed that the lawyer is competent." United States v. Cronic, 466 U.S. 648 (1984). A claim alleging ineffective assistance of counsel that challenges the validity of the plea must demonstrate a reasonable probability that, but for the error committed by counsel, the defendant would not have pleaded guilty and would have insisted on going to trial. *See* Hill v. Lockhart, 474 U.S. 52, 59 (1985). For the reasons that follow, there was no deficient performance by Petitioner's trial counsel and no prejudice to Petitioner.

Petitioner was afforded effective assistance of counsel because his trial counsel's performance did not fall below the "objective standard of reasonableness" called for in *Strickland*. He offers nothing – in his § 2255 motion (ECF No. 39) or in his memorandum in support (ECF No. 41) – of substance to support his claims and fails to establish that counsel's performance was ineffective. Strickland, 466 U.S. at 687.

9

(1:21CV1256)

### a.

Prior to the sentencing hearing, Petitioner maintained a specific objection to the Guidelines' calculation set forth in the PSR. According to Petitioner, the evidence failed to support application of a five-level pattern-of-activity enhancement under U.S.S.G. § 2G2.2(b)(5). *See* ECF No. 16 at PageID #: 93-94; 99-100.[5]

Petitioner's first ineffective assistance claim is that his trial counsel withdrew the objection to § 2G2.2(b)(5) without his consent. This claim, however, ignores the record. The following discussion was had during the Sentencing Hearing:

> MR. NEMECEK: The only one that did not appear in the presentence report were set forth in the initial memorandum that we filed, I believe it's Document Number 16, those being there was an objection lodged as to the enhancement for the pattern of activity under 2G2.2(b)(5), as well as an objection to, I guess, the calculated guidelines range being above the 20-year statutory maximum for the receipt/distribution offense.
> The reason that those didn't appear in the presentence report is both of those were not in the initial first disclosure of the presentence report, so they weren't lodged as an objection.
> *For purposes of today's hearing, I've discussed it with Mr. Sullivan and Mr. McElhatten, we would withdraw the objection as it relates to the pattern of activity under the 2G2.2(b)(5).*
> So the remaining objections, I believe, unless I'm missing anything, would be the objection to the use of the computer under 2G2.2(b)(6), the objection to the enhancement –
>
> THE COURT: Well, if it's here, don't repeat it.
>
> MR. NEMECEK: Oh, I apologize.

---

[5] Petitioner's trial counsel "expressly reserve[d] the right to supplement (or potentially withdraw) [the] objection to U.S.S.G. § 2G2.2(b)(5) pending [his] review of the photographs/recordings in question." ECF No. 16 at PageID #: 99, n. 1.

10

(1:21CV1256)

> THE COURT: I just want to make sure it is here, because we'll go through these. But I appreciate knowing that -- it sounds as if you had an opportunity to review the video?
>
> MR. NEMECEK: Yes.
>
> THE COURT: That's what the footnote in 16 said you'd intended.
>
> MR. NEMECEK: Yes, Your Honor.
>
> THE COURT: And it's based on that that you made but now withdraw the pattern of activity objection?
>
> MR. NEMECEK: Correct, Your Honor.

ECF No. 34 at PageID #: 253-54 (emphasis added). Therefore, Petitioner was aware of his counsel's intent and consented to withdraw the objection to the five-level pattern-of-activity enhancement.

In addition, any objection would have been frivolous. U.S.S.G. § 2G2.2(b)(5) provides an enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." Application Note # 1 defines "pattern of activity involving the sexual abuse or exploitation of a minor" as meaning: "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2, n. 1. "Sexual abuse or exploitation" includes conduct described in 18 U.S.C. § 2251(a). *Id.*

Petitioner admitted to investigators, and also admitted in the Memorandum in Support of the within motion, that he used his cell phone to surreptitiously record two minor females undressing on two separate occasions. He videotaped the girls using the bathroom through the

11

(1:21CV1256)

bathroom window without their knowledge. Petitioner then took photographs and video of the minor females by setting up his phone in their room without their knowledge. *See* ECF No. 41 at PageID #: 384 ("either of these 'Candid Camera' videos of minors changing"). While Petitioner relives his exploitation of these two minors by detailing what he did and what was ultimately depicted in the videos in an effort to demonstrate that, in his opinion, only one video depicts a lascivious exhibition of the genitals; he misses the point. His conduct on both occasions, at a minimum, constituted an attempt to commit a 18 U.S.C. § 2251 violation. *See United States v. Hodge*, 805 F.3d 675 (6th Cir. 2015). "In *Sims*, we held that non-lascivious voyeur videos of a girl getting dressed after showering could support a charge of attempted production of child pornography." *Id.* at 680 (citing *United States v. Sims*, 708 F.3d 832, 835 (6th Cir. 2013)). Therefore, Petitioner's conduct supported the enhancement under U.S.S.G. § 2G2.2(b)(5) in the case at bar.

Finally, counsel cannot be deficient for failing to raise a meritless objection to the PSR. *See Lafler v. Cooper*, 566 U.S. 156, 167 (2012) ("Because the objection upon which his ineffective-assistance-of-counsel claim was premised was meritless, [the defendant] could not demonstrate an error entitling him to relief."); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (holding counsel is not constitutionally ineffective for not pursing meritless claims); *Bradley v. Birkett*, 192 Fed.Appx. 468, 475 (6th Cir. 2006) (holding an attorney is not ineffective for failing to raise a meritless objection); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

12

(1:21CV1256)

**b.**

Petitioner's second claim is that his trial counsel was ineffective for not negotiating a plea agreement on his behalf and for advising him to enter into an open plea agreement. Petitioner offers no evidence that his trial counsel failed to seek a plea bargain and ignores the fact that by pleading open to the Indictment (ECF No. 1), he preserved his ability to argue for a downward variance, which he ultimately received.

Although "the *Strickland* standard extends generally to the plea process," *Chaidez v. United States*, 568 U.S. 342, 349 (2013), "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The Government has no obligation to offer a defendant a plea agreement. *See Javaherpour v. United States*, Nos. 4:04-cv-38 / 4:01-cr-11 Edgar/Lee, 2007 WL 9718472, at *11 (E.D. Tenn. Jan. 22, 2007) (citing *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("no prosecutor is ever under any obligation to consider much less offer a plea bargain")). Petitioner has failed to demonstrate that trial counsel's assistance fell below an objective standard of reasonableness. Petitioner was clearly advised of his rights and made an intelligent and knowing decision to enter a plea of guilty because he "decided to plead guilty because I accept what I did. What I did is wholly wrong and I fully take responsibility for my actions and the consequences that I have both to myself, my family and the individuals depicted in the materials that I had viewed." ECF No. 33 at PageID #: 229-30.

**c.**

Petitioner's third claim is that his trial counsel was ineffective for not challenging on double jeopardy grounds his convictions for both receipt and distribution of child pornography

13

(1:21CV1256)

and the lesser-included offense of possession of child pornography. Under the *Blockburger v. United States*, 284 U.S. 299, 304 (1932), ''same elements''test, possession of child pornography is not a lesser-included offense of distribution of child pornography, as would render a conviction of both a violation of the Double Jeopardy Clause. Each crime requires proof of a fact that the other does not, as one could knowingly possess child pornography without distributing it, and one could knowingly distribute child pornography without possessing the prohibited images by requesting a third party convey the prohibited images. *United States v. McElmurry*, 776 F.3d 1061, 1063-65 (9th Cir. 2015). Possession is not a necessary element of distribution. *United States v. Chiaradio*, 684 F.3d 265, 280 (1st Cir. 2012) (holding that while possession may be "helpful" to proving distribution, "it is technically not a necessary element" (citation and internal quotation marks omitted)). In addition, "convictions for both receipt and possession of child pornography will stand if *separate conduct* underlies the two charges." *United States v. Gray*, 641 Fed.Appx. 462, 465 (6th Cir. 2016) (citing *United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011)) (emphasis in original). Therefore, Petitioner cannot show his counsel's performance was deficient on this ground. *See United States v. Kearn*, No. 13-40057-01-DDC, 2020 WL 2084893, at *14 (D. Kan. April 30, 2020) (denying petitioner's request for relief on double jeopardy grounds because he had failed to meet his burden on either prong of *Strickland*).

The Court of Appeals previously held that Petitioner's "convictions do not violate the Double Jeopardy Clause because they involve separate conduct." *United States v. McElhatten*, No. 19-3769, slip op. at 4 (6th Cir. June 26, 2020) (order). It went on to find that "[a]ny challenge to McElhatten's convictions, on double jeopardy grounds or otherwise, is frivolous."

14

(1:21CV1256)

*Id.* at 5. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); *see also* DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) (same). There has been no such intervening change in the law here. Accordingly, Petitioner's claim of ineffective assistance of trial counsel for not challenging his convictions on double jeopardy grounds is also denied as previously litigated.

### III. Conclusion

Accordingly, the Court finds that Petitioner fails to demonstrate any ground on which he is entitled to relief under § 2255. Petitioner Sean P. McElhatten's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 39) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

|   June 28, 2024   | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |